IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | SA-17-CR-00386-FB |
| | § § | SA-20-CV-00732-FB |
| vs. | § § | |
| (2) TREMAL ROWE, | § § | |
| | § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Petitioner Tremal Rowe's Memorandum in Support of Limited 28 U.S.C. § 2255 Relief and Request for Out of Time Appeal in Lieu of § 2255 Hearing at this Time [#370]. The District Court referred Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#347] on October 22, 2020, for an evidentiary hearing on whether Rowe's trial attorney David Dilley rendered ineffective assistance of counsel for failing to consult with him about filing an appeal and for failing to file a notice of appeal as allegedly requested.

The hearing was originally set for January 13, 2021. There have been multiple requests by Petitioner's counsel to continue the hearing, due in part to counsel contracting COVID-19 and the difficulties associated with conferring with her client during the pandemic. A hearing on the motion is currently set for June 11, 2021, but at the request of Petitioner will again be continued to a later date.

By his motion, Petitioner asks the Court to grant him a new deadline to file a notice of appeal in lieu of holding the evidentiary hearing. Counsel for Petitioner argues that the appeal

1

would provide a vehicle to argue the misapplication of the sentencing guidelines prior to the same complaints being presented in any hearing on the effectiveness of counsel. Counsel further argues that she has not yet gained access to the Presentence Report ("PSR") or the unredacted indictment in this case, both of which she believes are necessary to fully brief Petitioner's issue. The Court should deny the motion.

## I. Analysis

On July 8, 2019, the District Court sentenced Petitioner to 150 months' imprisonment, five years of supervised release, and a $100 special assessment [#299]. Petitioner did not file a direct appeal. Petitioner, acting *pro se*, timely filed his § 2255 petition, alleging, among other things, that his trial attorney was ineffective because he deprived him of his right to appeal. The District Court expressly referred the petition for a hearing on the issue of trial counsel's ineffectiveness vis-à-vis his failure to file an appeal due to factual issues related to trial counsel's contact with Petitioner after sentencing—the time period during which he could have consulted regarding a direct appeal.

The Government does not consent to the request for an out of time appeal; nor is such a remedy appropriate. The *only* issue to be addressed at the evidentiary hearing is whether Petitioner's trial counsel was ineffective in failing to consult with him about filing a direct appeal or failing to file a direct appeal if actually requested. The standard governing this issue does not focus on whether the hypothetical appeal would have ultimately had merit. *See Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000). The inquiry is whether a rational defendant would have wanted to appeal or whether the defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. Petitioner must also demonstrate that, even if this standard is satisfied, that he was actually prejudiced by the failure to consult or to file the appeal. *Id.* at 484.

The purpose of the evidentiary hearing is to make a record on the facts associated with the decision of Petitioner's trial counsel not to file a direct appeal.  Petitioner is not entitled to an out-of-time appeal until he carries his burden of demonstrating that he has met this standard and is granted habeas relief.

Furthermore, the Government's response to the motion indicates that it has provided Petitioner's counsel with the PSR, although the Government questions whether this document is relevant to the limited issues referred for evidentiary hearing.  As noted by the Government, the redacted indictment is available on CM-ECF, and Petitioner's counsel has not provided any explanation to the Court as to why the unredacted version of this document is needed to prepare for the hearing.

Having considered Petitioner's motion, the response of the Government, and the record in this case, the undersigned recommends that Petitioner Tremal Rowe's Memorandum in Support of Limited 28 U.S.C. § 2255 Relief and Request for Out of Time Appeal in Lieu of § 2255 Hearing at this Time [#370] be **DENIED**.

## II.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 7th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE