IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,　　　§
　　　　　　　　　　　　　　　　　§
　　　　　*Plaintiff,*　　　　　　§　　　　　SA-17-CR-00386-FB
　　　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
(2) TREMAL ROWE,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　*Defendant.*　　　　　　§

## <u>ORDER</u>

Before the Court in the above-styled cause of action is Defendant's Motion for Clarification and Ex Parte Motion to Vacate [#387], which was referred to the undersigned on June 25, 2021. By her motion, counsel for Defendant Tremal Rowe asks the Court to confirm whether the live hearing scheduled for July 15, 2021, at 10:00 a.m. is still on the Court's calendar and for miscellaneous relief. The Court will deny the motion.

As to the hearing, the Court directs Defendant's counsel to the Court's Order dated June 7, 2021 [#378], in which the Court granted counsel's third request to continue the hearing and rescheduled the hearing for July 15, 2021. The Court has not entered any order canceling the hearing. The undersigned issued a report and recommendation on June 7, 2021, recommending that the District Court deny Defendant's motion for permission to file an out-of-time direct appeal in lieu of the scheduled hearing. The District Court adopted the recommendation on June 16, 2021. The Court will proceed with the live hearing as scheduled.

Defendant's counsel also asks the Court for access to additional documents and transcripts in preparation for the hearing. Defendant's counsel has not requested any document that has not already been provided to her or that is not publicly available on the docket. The

Court reminds counsel that the live hearing on July 15, 2021, is a limited evidentiary hearing to resolve a specific factual dispute. This hearing is not a hearing on the full merits of Defendant's § 2255 Petition. The District Court referred this matter to the undersigned to hold a hearing regarding when and whether Defendant's trial counsel conferred with him regarding the filing of a direct appeal and to issue a report and recommendation as to Defendant's claim that trial counsel's ineffective assistance deprived him of an appeal that he otherwise would have taken. (*See* Referral Order [#354].) As stated in the referral order, trial counsel's sworn affidavit attests that the last conversation he had with defendant was prior to sentencing, but Defendant maintains that counsel met with him after sentencing in the Marshals office. The Court obtained the visitor logs from the USMS which corroborated Defendant's statement that his attorney met with him after sentencing. The purpose of the July 15, 2021 hearing is to resolve this factual dispute.

Finally, Defendant's motion includes a request for an additional continuance of the hearing, but references a June 11, 2021 setting date. The Court construes this request as an error, as the Court already ruled on that request for a continuance in its Order dated June 7, 2021.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Clarification and Ex Parte Motion to Vacate [#387] is **DENIED**.

SIGNED this 29th day of June, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE